1  Ryan Lee, Esq. (SBN 235879)
   Krohn & Moss, Ltd.
2  10474 Santa Monica Blvd., Suite 401
   Los Angeles, CA 90025
3  T: (323) 988-2400 x241; F: (866) 385-1408
   Rlee@consumerlawcenter.com
4  Attorneys for Plaintiff,
   VIEN DO

5

6              UNITED STATES DISTRICT COURT,
             NORTHERN DISTRICT OF CALIFORNIA,
7                 SAN FRANSISCO DIVISION

8  VIEN DO,                     )   Case No.:
                                )
9            Plaintiff,         )   COMPLAINT  13 1322
                                )
10      v.                      )   (Unlawful Debt Collection Practices)
                                )
11 HOLLINS LAW, P.C.            )
                                )
12           Defendant.         )
                                )

13

14                    **VERIFIED COMPLAINT**

15      VIEN DO (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following

   against HOLLINS LAW, P.C. (Defendant):

16                       **INTRODUCTION**

17

18  1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

19      U.S.C. 1692 *et seq.* (FDCPA).

20  2.  Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection

21      Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

22  3.  Defendant acted through its agents, employees, officers, members, directors, heirs,

23      successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers,

24      and attorneys.

25  ///

                            - 1 -

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

5. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person residing in San Francisco, San Francisco County, California.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

10. Defendant is a debt collection law firm with located in Irvine, California.

## FACTUAL ALLEGATIONS

11. In January of 2013, Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

13. Defendant called Plaintiff's telephone number at 714-558-91XX.

14. In or around January of 2013, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* Exhibit A.

-2-

15. In the voicemail message, Defendant's representative, "Gregory" failed to meaningfully disclose the nature of the call or state that the call was from a debt collector. *See* Exhibit A.

16. In the voicemail message, Defendant's representative, "Gregory", directed Plaintiff to call him back at 1-866-513-5033, which is a number that belongs to Defendant. *See* Exhibit A.

17. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692e of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of a debt.

    b. Defendant violated §1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect any debt.

    c. Defendant violated §1692e(11) of the FDCPA by failing to meaningfully disclose that the call was being made by a debt collector in an attempt to collect a debt.

WHEREFORE, Plaintiff, VIEN DO respectfully requests judgment be entered against Defendant, HOLLINS LAW, P.C. for the following:

19. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

21. Any other relief that this Honorable Court deems appropriate.

- 3 -

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

23. Defendant violated the RFDCPA based on the following:

    a.  Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*. to wit: Section 1692e.

WHEREFORE, Plaintiff, VIEN DO respectfully requests judgment be entered against Defendant, HOLLINS LAW, for the following:

24. Statutory damages of $1,000.00  pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

25. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

26. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: March 20, 2013

KROHN & MOSS, LTD.

By: _____

Ryan Lee
Attorney for Plaintiff

- 4 -

<u>**VERIFICATION OF COMPLAINT AND CERTIFICATION**</u>

STATE OF CALIFORNIA

     Plaintiff, VIEN DO states as follows:

1.    I am the Plaintiff in this civil proceeding.

2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.

6.    Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.    Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, VIEN DO hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 2/5/13 _____         _____
                                                    VIEN DO

- 5 -

**EXHIBIT A**

Hi Vien Do, this is "Gregory" calling, Hollins Law. I need to speak to you it is very important. You can reach me now at 866-513-5033. Thank you.