**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIEN DO, | |
|     Appellant, | No. 3:13-cv-01322-JSW |
| v. | **ORDER DENYING MOTION TO TRANSFER VENUE** |
| HOLLINS LAW, P.C., | **(Docket No. 20.)** |
|     Appellee. | |

### INTRODUCTION

This matter comes before the Court upon consideration of the Motion to Transfer Venue filed by Defendant Hollins Law, P.C. ("Hollins Law"). The Court has considered the parties' papers, the relevant legal authority, the record in this case, and it finds this Motion suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). The Court VACATES the hearing set for July 26, 2013, and it DENIES the Motion.

### BACKGROUND

Plaintiff Vien Do ("Do") is a resident of San Francisco, California. (Amended Complaint ("FAC") ¶ 7.) Defendant Hollins Law is a debt collection law firm located in Irvine, California. (*Id.* ¶ 10; *see also* Declaration of Kathleen Mary Kushi Carter ("Carter Decl."), ¶ 2.) In January of 2013, Hollins Law called Do's telephone number at 415-637-13##, seeking and demanding payment on an alleged debt. (FAC ¶¶ 11, 13.) In that same month, Hollins Law called Do and left a voicemail message on Do's answering machine. (*Id.* ¶ 14.) According to the message, Gregory directed Do to call him back while failing to disclose the nature of the call. (*Id.* ¶¶ 15-16.)

Based on these and other allegations, Do alleges that Hollins Law violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Sections 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code Sections 1788 *et seq.* (*Id.* ¶¶ 1-2.)

The Court will address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.      Legal Standard for Motion to Transfer Venue.**

Hollins Law moves to transfer this action to the Central District of California. Pursuant to 28 U.S.C. Section 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. As the moving party, Hollins Law bears the burden of showing the inconvenience of litigating in this forum favors transfer. *See Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1088 (N.D. Cal. 2002) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). Moreover, Hollins Law cannot rely on vague generalizations to show the requisite factors weigh in favor of transfer. *See id.* at 1093.

A district court has broad discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (internal citations omitted)). In order for a district court to transfer an action under Section 1404, the court must make the following two findings: (1) the transferee court is one where the action "might have been brought," and (2) the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). There is no dispute in this case that Do could have brought the suit in the Central District of California. Accordingly, Hollins Law has met its burden under the first prong.

To determine whether Hollins Law has met its burden under the second prong, the Court considers the following factors: Do's choice of forum; convenience of the parties and witnesses; ease of access to sources of proof; local interest in the controversy; familiarity of each forum with the applicable law; and relative congestion in each forum. *Decker Coal Co. v.*

2

*Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

**B.  Hollins Law Has Not Met Its Burden to Show Transfer is Warranted.**

**1.  Plaintiff's Choice of Forum.**

Hollins Law argues Do's choice of forum is not entitled to deference because the activities alleged in the complaint have no connection to the Northern District.  A court should give a plaintiff's choice of forum great deference unless the defendant can show that other factors of convenience clearly outweigh the plaintiff's choice of forum. *Decker Coal Co.*, 805 F.2d at 843.  There are, however, factors that diminish the deference given to a plaintiff's choice of forum.  For example, if the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

As deference to a plaintiff's choice of forum decreases, a defendant's burden to upset the plaintiff's choice of forum also decreases. *Chodock v. Am. Econ. Ins. Co.*, 2005 WL 2994451, *3 (D. Ariz. Nov. 7, 2005) (quoting *Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 482 (D. Del. 1987) ("[W]hen the plaintiff chooses a forum which has no connection to the plaintiff himself or the subject matter of the suit...the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer.")).

Hollins Law argues Do's choice of forum should not be given deference because the events giving rise to the dispute occurred in the Central District.  Do brought his claim under the FDCPA, and courts have held that an FDCPA claim may be brought in the district in which the plaintiff received the offending communication or debt collection letter. *See Partee v. United Recovery Group*, 2010 WL 1816705 at *2 (C.D. Cal. May 3, 2010) (citing *Maloon v. Schwartz, Zweban & Slingbaum, LLP*, 399 F. Supp. 2d 1108, 1114 (D. Haw. 2005)).  Hollins Law contends that Do never specified whether the San Francisco phone number was residential or mobile and that a phone number is not evidence that Hollins Law made contact with the Northern District.  Do alleges not only that Hollins Law called Do at a 415 area code and left a

3

message on his answering machine but also alleges that he is a San Francisco resident. Those facts not only show a connection to the Northern District but also show a substantial part of the events giving rise to the claim occurred in the Northern District.

Accordingly, the Court gives Do's choice of forum great deference, and it finds this factor weighs against of transfer.

### 2. Convenience of the Parties and Witnesses.

Hollins Law argues all witnesses for Hollins Law reside in the Central District, which makes the Central District more convenient to parties and witnesses. The Court takes into account the relative convenience to all the parties and their witnesses. *See Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Corp.*, 330 U.S. at 508). The convenience of witnesses is often the most important factor in determining whether transfer is appropriate. *Amini Innovation Corp. v. JS Imports*, Inc. 497 F. Supp. 2d 1093, 1111 (C.D. Cal 2007). When considering the convenience of witnesses, the Court examines who the witnesses are, where they are located, and the relevance of their testimony. *A.J. Indus., Inc. v. U.S. Dist. Court*, 503 F.2d 384, 389 (9th Cir. 1974). Moreover, the movant of a motion to transfer "is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include." *Florens Container*, 245 F. Supp. 2d at 1093 (citation omitted).

Hollins Law asserts it is located in and conducts all activities in the Central District. It also asserts that all witnesses for Hollins Law reside in the Central District, but Hollins Law does not provide evidentiary support for its statements. Hollins Law neither clearly specifies who their key witnesses are nor makes a generalized statement of what their testimony would be. Additionally, Hollins Law concedes it is a resident of all California districts, including the Northern District. Hollins Law fails to adequately show why transfer to the Central District is convenient to the parties and witnesses.

Accordingly, the Court finds this factor weighs against transfer.

### 3. Ease of Access to Sources of Proof.

Access to evidence is another factor that may favor transfer. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 508). However, the ease of access to documents "does

4

not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *Metz v. U.S. Life Ins. Co. in the City of New York*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009). While Hollins Law states that all its evidence is located in the Central District, Hollins Law does not identify what that evidence is. Even if Hollins Law identified specific documents, the Court would still find this favor weighs against transfer, because advances in technology have made it easy for documents to be transferred to different locations. *See id.*

Accordingly, the Court concludes this factor weighs against transfer.

### 4. Local Interest in the Controversy, Familiarity of Each Forum with the Applicable Law, and Relative Congestion in Each Forum.

The other factors to consider are the local interest in having localized controversies decided at home, the familiarity of each forum with the applicable law, and the relative congestion in each forum. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 508). Hollins Law fails to provide any evidence or argument on these factors, and, therefore, has not met its evidentiary burden to show transfer is warranted.

Accordingly, the Court concludes these factors weigh against transfer.

### CONCLUSION

The Court finds that, on balance, the factors weigh against transfer, and Hollins Law has not met its burden to override Do's choice of forum. The Court DENIES Hollins Law's Motion to Transfer.

**IT IS SO ORDERED.**

Dated: July 12, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE