**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIEN DO,<br><br>    Appellant,<br><br>v.<br><br>HOLLINS LAW, P.C.,<br><br>    Appellee.<br>_____/ | No. 3:13-cv-01322-JSW<br><br>**ORDER DENYING MOTION TO STRIKE AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>**(Docket No. 24.)** |

**INTRODUCTION**

Now before the Court is a motion to strike filed by Defendant Hollins Law, P.C. ("Hollins Law"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court HEREBY DENIES the motion to strike.

**BACKGROUND**

Plaintiff Vien Do ("Do") is a resident of San Francisco, California. (Amended Complaint ("FAC") ¶ 7.) Defendant Hollins Law is a debt collection law firm located in Irvine, California. (*Id.* ¶ 10; *see also* Declaration of Mary Kushi Carter ("Carter Decl."), ¶ 2.) In January of 2013, Hollins Law called Do's telephone number at 415-637-13##, seeking and demanding payment on an alleged debt. (FAC ¶¶ 11, 13.) In that same month, Hollins Law called Do and left a voicemail message on Do's answering machine. (*Id.* ¶ 14.) According to the message, Gregory, from Hollins Law, directed Do to call him back but failed to disclose the nature of the call. (*Id.* ¶¶ 15-16.) Gregory stated, "Hi Vien Do, this is 'Gregory' calling, Hollins Law. I need to speak to you it is very important. You can reach me now at 866-513-5033. Thank you." (FAC, Ex. A.)

Based on these and other allegations, Do alleges that Hollins Law violated the Fair Debt Collection Practices Act, 15 U.S.C. Sections 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code Sections 1788 *et seq*. ("Rosenthal Act") (*Id.* ¶¶ 1-2.)

The Court will address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.     Legal Standard on Motion to Strike.**

Hollins Law moves to strike Do's Rosenthal Act claim pursuant to California's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute. The Anti-SLAPP statute provides a mechanism for a defendant to strike civil actions brought primarily to chill the exercise of free speech. Cal. Code Civil Proc. § 425.16(b)(1); *see also Metabolife International, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002). The California Legislature passed the statute and explicitly recognized "the public interest to encourage continued participation in matters of public significance . . . and [found] that this participation should not be chilled through abuse of the judicial process." *Metabolife*, 231 F. Supp. 2d at 1221 (citations omitted). Thus, to deter such a chilling, a prevailing defendant on a motion to strike shall be entitled to recover his or her reasonable attorney's fees and costs. *Id.* (citing Cal. Code Civ. Proc. § 425.16(c).)

Section 425.16 provides, in relevant part, that

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to the special motion to strike, unless the court determines that the plaintiff has established that there is probability that the plaintiff will prevail on the claim.
>
> As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a . . . judicial proceeding, or any other official proceeding authorized by law . . .

Cal. Code Civ. Proc. §§ 425.16(b)(1); 425.16(e).

A motion to strike a SLAPP suit involves a two-step analysis. First, the court must decide whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. *See, e.g.*, *City of Cotati v. Cashman*, 29 Cal. 4th 69, 76 (2002). The defendant may meet this threshold burden by showing that the act which forms the basis for the plaintiff's cause of action was a written or oral statement made in connection with a judicial proceeding. *See Church of Scientology of California v. Wollersheim*, 42 Cal. App. 4th 626, 646 (1996); *see also Mann v. Quality Old Time Service, Inc.* 120 Cal. App. 4th 90, 103 (2004). Courts examine the "principal thrust or gravamen" of the claims at issue to determine whether they arise from protected activity. *Mann*, 120 Cal. App. 4th at 103. "Where a cause of action alleges both protected and unprotected activity, the cause of action will be subject to section 425.15 unless the protected activity is 'merely incidental' to the unprotected conduct." *Id.* (quoting *Scott v. Metabolife Int'l., Inc.*, 115 Cal. App. 4th 404, 419 (2004)).

If the defendant establishes a prima facie case that the claims arise from protected activity, the burden then shifts to the plaintiff to establish a probability that the plaintiff will prevail on the claim.[1] *Wollersheim*, 42 Cal. App. 4th at 646; *see also Cotati,* 29 Cal. 4th at 76. In making its determination, the trial court is required to consider the pleadings and supporting and opposing affidavits stating the facts upon which liability or defense is based. *See* Cal. Code Civ. Proc. § 425.16(b). The plaintiff need not prove the challenged claims. "Rather, the court considers whether the plaintiff has made a prima facie showing of the facts based on competent admissible evidence that would, if proved, support a judgment in the plaintiff's favor." *Mann*,

---

[1] Although Section 425.16 may be used in federal court to strike state law claims, courts have noted that it may not be used in a way that would conflict with the federal rules. *See Metabolife, Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (citing *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999)). Thus, if a defendant challenges a plaintiff's failure to submit evidence on his or her claim, courts should treat the motion as one for summary judgment under Rule 56 and, if necessary, permit the plaintiff to conduct discovery. *See, e.g., T.T. v. County of Marin*, 2013 WL 308908, at *3 (N.D. Cal. Jan. 25, 2013) (citing cases). Hollins law has submitted evidence in support of its motion to strike. However, because Hollins Law's arguments regarding Do's ability to prevail on his Rosenthal Act claim present legal issues, which can be evaluated based on the face of the FAC, the Court construes the motion as it would a motion to dismiss under Rule 12(b)(6).

3

1 120 Cal. App. 4th at 105. A plaintiff need only establish the challenged cause of action has
2 "minimal merit." *Navellier v. Sletten*, 29 Cal. 4th 82, 94 (2002). Moreover, where "a plaintiff
3 can show a probability of prevailing on any part of its claim, the cause of action is not meritless
4 and will not be subject to the anti-SLAPP procedure . . . [O]nce a plaintiff shows a probability
5 of prevailing on any part of its claim, the plaintiff has established that its cause of action has
6 some merit and the entire cause of action stands." *Mann*, 120 Cal. App. 4th at 106 (emphasis in
7 original); *see also Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073 (2001) ("a SLAPP
8 motion, like a summary judgment motion, pierces the pleadings and requires an evidentiary
9 showing") (emphasis in original).

**B.     This Court Denies Hollins Law's Motion to Strike.**

**1.     Hollins Law Has Not Met Its Burden to Show the Claims Arise From Protected Activity.**

At issue is whether Hollins Law has met its burden to show the phone call is protected by the litigation privilege under California Code of Civil Procedure Section 47(b) and, thus, whether Do's claim under the Rosenthal Act is barred. In general, the litigation privilege applies to communications made by a litigant in connection with a judicial proceeding to achieve the object of litigation. *See, e.g., Oei v. N Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089 (C.D. Cal. 2006). In *Oei*, the creditor filed a collection action in court and called plaintiffs numerous times demanding payment for a debt they allegedly owed. *See* 486 F. Supp. 2d at 1092. The court stated that "[i]f the litigation privilege were applicable to Rosenthal Act claims, these communications would fall within its scope as they were made by a litigant in connection with a judicial proceeding to achieve the object of the litigation." *Id.* at 1100.

In this case, Hollins Law submits evidence that on December 28, 2012, on behalf of Discover Bank, it filed a complaint against Do seeking to recover payment on an alleged debt. (Declaration of Van C. Ha, ¶ 2, Ex. A.) According to the allegations in Do's FAC, Hollins Law made the phone calls at issue in January 2013. Thus, there is a sufficient showing to suggest that Hollins Law contacted Do in connection with a judicial proceeding to achieve the object of

4

litigation, which as in *Oei*, would fall within the scope of the litigation privilege, if it applies to Rosenthal Act claims.

However, the California Court of Appeal has held that the litigation privilege does not apply to bar claims under the Rosenthal Act. *See Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 340 (2009). "Exceptions to the litigation privilege have been recognized under statutes that (1) are 'more specific' than the privilege, and (2) would be 'significantly or wholly inoperable' if the privilege applied." *Id.* at 339 (quoting *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1246 (2007)). The court in *Komarova* found both requirements were satisfied. The Rosenthal Act was more specific than Section 47(b). Also, the Rosenthal Act's prohibitions of deliberate neglect of service, among other of the Act's provisions, would be nullified by the litigation privilege. *Id.* at 340. Therefore, the court found that the Rosenthal Act would be significantly inoperable if it did not prevail over the litigation privilege where the two statutes conflict. *Id*.

Here, the litigation privilege and the Rosenthal Act conflict as applied in this action and would nullify the provisions of the Rosenthal Act which are at issue. The Rosenthal Act prohibits using a false, deceptive, or misleading representation or means in connection with the collection of a debt and failing to meaningfully disclose that the call was being made by a debt collector in an attempt to collect a debt. These prohibitions would be nullified by the litigation privilege, because the litigation privilege would render the Rosenthal Act significantly inoperable. *See id*. Therefore, the Court follows *Komarova* and holds that, on the facts of this case, the litigation privilege does not apply to bar Do's claim under the Rosenthal Act. *See also Oei*, 486 F. Supp. 2d at 1100-01.

### 2. Do Has Met His Burden of Demonstrating a Probability of Prevailing on the Merits.

To the extent that Hollins Law meets its burden to show the challenged claim arises from protected activity, the burden shifts to Do to establish a probability of prevailing at trial. *See Wollersheim*, 42 Cal. App. 4th at 646. In addition to the arguments regarding the litigation

5

privilege, Hollins Law argues that law firms are not considered debt collectors under the Rosenthal Act.

Under the Rosenthal Act, a debt collector is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law." Cal. Civ. Code § 1788.2(c). There is a split in authority on whether law firms fall within the scope of this exemption, with the majority of district courts in California concluding that the Rosenthal Act does apply to law firms. *Compare, e.g., Owings v. Hunt & Henriques*, 2010 WL 3489342, *2 (S.D. Cal. Sep. 3, 2010) (finding law firms cannot be "debt collectors" under Rosenthal Act) (*relying on Carney v. Rotkin, Schmerin & McIntyre*, 206 Cal. App. 3d 1513, 254 Cal. Rptr. 478 (1988)) *with, e.g., Vo v. Nelson & Kennard*, – F. Supp. 2d –, 2013 WL 1091207, at *8 (E.D. Cal. Mar. 15, 2013) (holding the Rosenthal Act applies to firms and citing cases holding same).

As the *Vo* court noted, courts that have concluded that law firms are not debt collectors do not "cite[] or appear to have considered *Carney*." *Vo*, 2013 WL 1091207, at *8. In *Carney*, two employees of a debt collection law firm falsely represented to a plaintiff that a bench warrant had issued for her arrest and that it would remain in effect until she paid the sum demanded by the law firm. *See* 206 Cal. App. 3d at 1513. When the plaintiff sued the law firm, the secretary, the attorney, and the original creditor for Rosenthal Act violations, the court noted that Section 1788.2(c) specifically exempts attorneys from the Act's coverage. *See id.* at 1526. It then concluded that "the complaint shows on its face that defendant attorney was not a 'debt collector' within the meaning of the Act." *Id.*

The court in *Vo* did consider *Carney* and concluded that it was not "persuasive precedent," because the *Carney* court did not "make clear whether the plaintiff brought a Rosenthal Act claim against the defendant law firm," and "did not explicitly find that the term 'attorney' includes law firms, or even discuss the issue. *Vo*, 2013 WL 1091207, at *9. The *Vo* court then proceeded to construe Section 1788.2(c), and noted that the term "attorney" normally

6

refers to a single individual, whereas the term "'law firm' refers to multiple individuals who practice law together." *Id.*, 2013 WL 1091207, at \*10 (citing Blacks Law Dictionary (9th Ed. 2010)). The court also noted that in related statutes and regulations, "'lawyer' and 'law firm' mean different things." *Id.*, 2013 WL 1091207, at \*11. Finally, the court noted that the legislative history of a related statutory provision, which subjected attorneys to discipline by the State Bar of California, further supported a conclusion that the terms "attorney" and "law firm" are distinct. The *Vo* court noted that although the Legislature created an alternative regime to ensure that attorneys were not unregulated, the Legislature did not create a "similar, alternative regulatory regime for 'law firms." Thus, the court concluded that "to exempt [law firms] would undermine the public policy articulated in Cal. Civ. Code § 1788.1(b): 'to prohibit debt collectors from engaging in deceptive acts in the collection of consumer debts.'" *Id.*, 2013 WL 1091207, at \*11.

The Court agrees with the *Vo* court's construction of the exemption set forth in Section 1788.2(c), and it also finds its reasons for declining to follow *Carney* persuasive. Accordingly, this Court follows *Vo* as well the majority of the federal courts within California that have concluded that the Rosenthal Act does apply to law firms. Therefore, the Court concludes that Do has established a probability that he will prevail on his claim.

## CONCLUSION

For the forgoing reasons, the Court DENIES Hollins Law's Motion to Strike. It is HEREBY ORDERED that the parties shall appear for an initial case management conference on Friday, August 30, 2013, at 1:30 p.m. The parties' joint case management statement shall be due on Friday, August 23, 2013.

**IT IS SO ORDERED.**



Dated: August 5, 2013

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE